# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**NATIONAL PENSION CORPORATION, LLC.**

**VERSUS**

**HORTER INVESTMENT MANAGEMENT, LLC**

**CIVIL ACTION**

**NO. 19-176-JWD-EWD**

## ORDER GRANTING MOTION TO TRANSFER VENUE

This matter is before the Court on *Defendant Horter Investment Management, LLC's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)* ("*Motion*") filed by Horter Investment Management, LLC ("Defendant"). (Doc. 4.) National Pension Corporation, LLC ("Plaintiff") did not file an opposition to the *Motion*. The *Motion* asserts that the contract between the parties contains a mandatory forum selection clause that states

> This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio. The parties hereto hereby consent to the exclusive jurisdiction of the courts of the State of Ohio and the federal courts serving Hamilton County, Ohio and waive any contention that any such court lacks personal jurisdiction over the parties or is an improper venue for enforcement of the Agreement.

(Doc. 4-1 at ¶ 9.)

The Supreme Court in *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, explained:

> Although a forum-selection clause does not render venue in a court "wrong" or "improper" within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a). That provision states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being "wrong." And it permits transfer to any district where venue is also proper (*i.e.,* "where [the case] might have been brought") or to any other district to which the parties have agreed by contract or stipulation.
>
> Section 1404(a) therefore provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district. . . . a proper application

of § 1404(a) requires that a forum-selection clause be "given controlling weight in all but the most exceptional cases."

571 U.S. 49, 59–60 (2013).

Having considered the *Motion*, the Plaintiff's lack of opposition to the *Motion,* the attached exhibits, and the law, the Court is convinced it is appropriate to transfer venue to the United States District Court for the Southern District of Ohio, Western Division, Sitting in Cincinnati, Ohio.

IT IS ORDERED that the *Motion* is GRANTED, transferring this matter to the United States District Court for the Southern District of Ohio, Western Division, Sitting in Cincinnati, Ohio.

Signed in Baton Rouge, Louisiana, on January 29, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**